ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
JACKSON A. STEPHENS
Assistant U.S. Attorney
Florida State Bar No. 051596
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Jackson.Stephens@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | 18-CR-01226-JGZ |
| --- | --- |
| Plaintiff, | 17-CR-01087-JGZ |
| vs. | SENTENCING MEMORANDUM |
| Anselmo Guadalupe Medina-Lopez, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby submits the following sentencing memorandum in the above-captioned matter. Sentencing is currently set for January 4, 2019, before the Honorable Judge Jennifer G. Zipps.

Reviewing the findings and recommendations in the Presentence Investigation Report (PSR), the Government has no objection to the guideline calculations as prepared in the PSR, and respectfully requests that this Court accept the plea agreement. The Government will not withdraw from the plea agreement should Defendant seek, and the Court grant, a variance from the advisory sentencing guidelines.

The Government concurs with the PSR sentencing recommendation, and respectfully requests that this Court sentence the defendant to 18 months custody for the instant offense, and an additional five months running consecutively for the supervised release violation. No additional term of supervised release is recommended.

The defendant has an extensive criminal history dating back to 2002, including convictions for drunk driving, selling cocaine, and improper reentry. PSR ¶ 24, 27, 28, and 30. Mr. Medina-Lopez has been deported on five occasions. PSR ¶ 38. He committed the instant offense by reentering and reentered just a few months after his most recent deportation. PSR ¶ 5-6

Title 18 U.S.C. § 3553(a) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. §3553(a)(2). The sentence shall also consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

The Government's recommended term of 18 months plus five months (consecutive) of imprisonment is consistent with the application of the sentencing factors outlined in 18 U.S.C. § 3553(a). It takes into consideration the defendant's characteristics, the instant offense, the supervised release violation, and his prior convictions for immigration offenses.

//

Clearly, the defendant's previous periods of incarceration did not specifically deter him from returning to the United States. The Government's proposed sentence promotes respect for the law, and provides a just punishment that would afford adequate deterrence.

Respectfully submitted this 31st day of December 2018.

                                        ELIZABETH A. STRANGE
                                      First Assistant United States Attorney
                                      District of Arizona

                                      *s/ Jackson Stephens*

                                      JACKSON A. STEPHENS
                                      Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 31st day of December, 2018, to:

Robert Louis Murray, Esq.
Kelly Burruel, USPO